MEMORANDUM *
Jesus Buelna-Valenzuela appeals his jury conviction for conspiracy to possess with the intent to distribute 100 to 1,000 kilograms of marijuana, and possession with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(l)(B)(vii). Buelna-Valenzuela contends that the district court erred in admitting portions of testimony by three Drug Enforcement Administration agents in violation of the hearsay rule and the Sixth Amendment’s Confrontation Clause. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
A. Testimony of Agent Garrett and Agent Giacobbe
Agents Donald Garrett and Nicholas Giacobbe both testified that Agent Jesse Faircloth broadcasted over the radio that a Hispanic male wearing a bright yellow shirt was getting into the marijuana-loaded car and driving away. While the radio-broadcasted statements were hearsay, they were admissible under the present sense impression exception. See Fed.R.Evid. 803(1).
Because Buelna-Valenzuela faded to object on Confrontation Clause grounds to the admission of Agents Garrett’s and Giacobbe’s testimony, we review for plain error the admission of their testimony in the face of that appellate challenge.[1] See United States v. Blandin, 435 F.3d 1191, 1195 (9th Cir.2006). To reverse under the plain error standard, “there must be (1) ‘error,’ (2) that is ‘plain,’ and (3) that ‘affect[s] substantial rights.’” Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). If these three conditions are met, we may exercise our discretion to reverse, but “only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.” Id. at 467, 117 S.Ct. 1544 (internal quotation marks and citation omitted).
In reviewing Buelna-Valenzuela’s Confrontation Clause argument, we need not decide whether the radio-broadcasted statements of Agent Faircloth were “testimonial” under Crawford. Even if they were “testimonial” and we were to assume that a Confrontation Clause violation occurred by their admission into evidence, such an error would not rise to the level of “plain error” because admission of the evi *893 dence did not affect Buelna-Valenzuela’s substantial rights. See Olano, 507 U.S. at 734, 113 S.Ct. 1770 (stating that to establish that an error affected a defendant’s substantial rights, the defendant must show that the error was “prejudicial,” i.e., that it “affected the outcome of the district court proceedings”).
Buelna-Valenzuela has not made the required showing of prejudice. In addition to what he heard Agent Faircloth say on the radio, Agent Giacobbe testified that moments after the car was picked up, he observed that the driver was a Hispanic male wearing a bright yellow shirt. This evidence was properly admitted and, therefore, the radio-broadcasted statements of what Agent Faircloth saw, which was identical to the description of the individual given by Agent Giacobbe, was cumulative and did not affect Buelna-Valenzuela’s substantial rights.
We affirm the district court’s admission of Agents Garrett’s and Giacobbe’s testimony regarding the radio-broadcasted statements of Agent Faircloth.
B. Testimony of Agent Mylius
Agent Dan Mylius’s testimony that nobody entered or left the house while he was observing it does not implicate the hearsay rule or Confrontation Clause. He testified about his own observations, not about any statements made by other agents conducting surveillance.
However, even if the hearsay rule or Confrontation Clause were implicated, any error in admitting the challenged testimony of Agent Mylius did not rise to the level of “plain error.” We review for “plain error” because Buelna-Valenzuela failed to object to Agent Mylius’s testimony on hearsay or Confrontation Clause grounds. See Blandin, 435 F.3d at 1195. In challenging this testimony on appeal, Buelna-Valenzuela cannot satisfy the second prong of the “plain error” test because any error in admitting the evidence was not “clear” or “obvious.” Johnson, 520 U.S. at 467, 117 S.Ct. 1544 (quoting Olano, 507 U.S. at 734, 113 S.Ct. 1770); see also United States v. Smith, 424 F.3d 992, 1002-03 (9th Cir.2005) (“Plain error ‘is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection.’ ” (quoting United States v. Turman, 122 F.3d 1167, 1170 (9th Cir.1997))). The district court did not commit plain error by admitting Agent Mylius’s testimony.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), was decided before Buelna-Valenzuela’s June 2004 trial.